UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>HELEN JEAN SINGH,<br>　　　　Defendant. | Case No. CR 11-883-02 PJH<br><br>**ORDER DENYING MOTION TO DEFER RESTITUTION PAYMENTS**<br>Re: Doc. No. 80 |

　　　Defendant Helen Jean Singh has filed a motion to defer restitution payments until she is placed on supervised release. Doc. no. 80. The matter is fully briefed and suitable for decision without oral argument. For the reasons set forth below, defendant's motion to defer restitution payments is DENIED.

　　　On January 28, 2012, defendant entered a guilty plea to one count of conspiracy to commit sex trafficking of children or by force, fraud and coercion in violation of 18 U.S.C. § 1594(c). On November 28, 2012, defendant was sentenced to 108 months imprisonment, 5 years supervised release, $45,000 restitution and special assessment of $100. Doc. no. 77. The court ordered that "[p]ayment of restitution and all other monetary penalties (special assessment and/or fine) must be made during imprisonment and shall be paid at not less than $25 per quarter through the Bureau of Prison's Inmate Financial Responsibility Program." Defendant is currently incarcerated at the Federal Correctional Institution at Dublin, California. She seeks an order deferring her restitution payments until she is placed on supervised release when she will have an opportunity to obtain meaningful employment, due to the fact that she only earns $15.60 per month at

her current work detail. Doc. no. 80. Defendant states that her mother tries to support her but is currently unemployed, so that defendant's funds will be reduced. *Id.*

Modification of the restitution payment schedule is governed by 18 U.S.C. § 3664(k), which provides as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3664(o) further provides, in pertinent part, that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that -- (1) such a sentence can subsequently be . . . (D) adjusted under section 3664(k)."

Both the Probation Office and the government have submitted responses to defendant's motion. The Probation Office states that the provision in the judgment requiring a minimum payment of at least $25 per quarter during the period of incarceration is the standard language used by the Probation Office in every sentencing recommendation in which there is a custody term with criminal monetary penalties. Both the Probation Office and the government have reviewed records from the Bureau of Prisons ("BOP") which indicate that on May 29, 2015, defendant completed an "Inmate Financial Plan," in which defendant voluntarily agreed to participate in the BOP's Inmate Financial Responsibility Program ("IFRP") and to make restitution payments of $25 per month, rather than per quarter, beginning in June 2015. Doc. no. 83 (Lamie Decl. ¶ 10 and Ex. B). The government has submitted a declaration by Ms. Lamie, a Correctional Programs Specialist for the BOP, who indicates that under the IFRP, BOP staff develop a financial plan for each inmate based on her financial obligations and her ability to pay. Lamie Decl. ¶ 5. In assessing an inmate's ability to pay, the BOP looks both to the

inmate's institution resources, such as pay for prison employment, and non-institution resources, such as money the inmate receives from family. *Id.* (citing 28 C.F.R. § 545.11(b)). Participation in the IFRP is voluntary, but non-participation carries consequences such as being subject to a more stringent monthly commissary spending limitation, being quartered in the lowest housing status, and not being able to receive furlough or bonus pay. Lamie Decl. ¶ 6 (citing 28 C.F.R. § 545.11(d)).

Defendant's inmate trust account fund activity statement indicates that over the last six months, she has received $1,437.93 in deposits, comprising her wages and deposits made through Western Union. *See* Lamie Decl. ¶ 14 and Ex. E. The BOP has also summarized all of defendant's commissary purchases over the past year, and has calculated the maximum funds available to be used toward restitution payments through the IFRP to be $837.93. *Id.* ¶ 14. Upon review of defendant's records, Ms. Lamie concludes that the $25 per month that defendant is currently paying toward restitution is well below the maximum payment that BOP staff may require her to pay through the IFRP. *Id.*

Ms. Lamie states that inmates who have concerns about the amount of money being collected through the IFRP are advised that they should raise the issue with their Unit Team at their scheduled program review. Lamie Decl. ¶ 15. As also noted by the Probation Office, the Bureau of Prisons has an internal administrative remedy procedure which allows defendant to seek a reduction in payments if she is unable to meet her monthly obligation under her Inmate Financial Plan. Lamie Decl. ¶¶ 16-17. BOP records indicate that defendant has not filed for administrative remedies concerning her current restitution payment schedule under the IFRP. Lamie Decl. ¶ 18 and Ex. H.

Defendant filed a reply to the Probation Office's response to her motion, expressing her concern that if "for any reason I can't make the required payment I will be placed on Financial Responsibility Program Refusal." Doc. no. 85. She also clarifies that she is "not asking to completely stop all payments, I am just asking for my FRP Plan to stay at $25 every month or even $50 every quarter." Doc. no. 85.

In light of defendant's willingness to continue paying $25 per month in restitution, the court finds that defendant has not demonstrated a change in circumstances affecting her ability to pay restitution during imprisonment at not less than $25 per quarter, as ordered by the court.  Accordingly, defendant's motion to defer or modify her restitution payment schedule pursuant to 18 U.S.C. § 3664(k) is DENIED.

The Ninth Circuit has held that where the district court has properly set a restitution repayment schedule as required by the Mandatory Victims Restitution Act, "the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP."  *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008).  If defendant seeks to challenge BOP's implementation of the restitution order, she must first exhaust all available administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (section 2241 petitions "challenge the manner, location, or conditions of a sentence's execution"); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."); *Chua Han Mow v. United States,* 730 F.2d 1308, 1313-14 (9th Cir. 1984) (requiring prisoner to exhaust administrative remedies through the Bureau of Prisons before seeking relief from the court).  Because defendant has not exhausted her administrative remedies through the BOP, the instant motion to defer restitution payments will not be construed in the alternative as a petition for writ of habeas corpus pursuant to § 2241.

**IT IS SO ORDERED.**

Dated:  February 2, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge